## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC S. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-2691-NJR |
| | ) | |
| | ) | |
| ANTHONY WILLS, ROB JEFFRIES, | ) | |
| DR. CARRAGE, and JOHN/JANE DOE | ) | |
| #1, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric S. Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Smith seeks a preliminary injunction for a supplemental diet.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Although labeled a complaint and filed on the standard prisoner civil rights complaint form, Smith's "complaint" merely "petition[s]" the Court for a supplementary diet (Doc. 1, p. 5). He states that a "double supplementary diet"—including a snack tray at night—was prescribed by Dr. Carrage and referred by both Rob Jeffries and Anthony Wills (*Id*.). He indicates he needs a supplemental diet due to the strength of the psychiatric medicine that he intends to get re-prescribed (*Id*.). Under the portion of the form complaint asking about prior litigation history, he states that he has a history of mental illness. Although he was previously prescribed psychiatric medication, he quit taking the medication due to "hunger pains" (*Id*. at p. 4). He alleges that the medication requires more calories than a regular diet. He asks for a court order for the supplemental diet prior to re-starting his medication in order to prevent the hunger pains (*Id*.). In a supplemental pleading, he indicates that the medication eats through the lining of the stomach, causing hunger pains unless he receives additional calories (Doc. 6). He also states that he needs a court order in order to obtain a supplemental diet (*Id*.).

## Discussion

Simply put, Smith fails to state a claim for deliberate indifference to his medical needs. To state a viable claim, a plaintiff must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendants acted with deliberate indifference to his medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Although he states that he needs extra calories, there is no indication that he is actually being denied his request. In fact, he alleges that Dr. Carrage prescribed the

2

supplemental diet (*Id*. at p. 5). He also acknowledges that he has not started the medication which requires additional calories and there is no indication that once he starts the medication he will be denied extra calories. Although he states that he needs a court order for the special diet (Doc. 6), there is no indication in the Complaint that he has submitted a request to prison officials and been denied the requested diet. There are simply no allegations which suggest deliberate indifference on the part of any of the defendants. Thus, the Court finds that Smith fails to state a claim. His Complaint is **DISMISSED without prejudice**. His request for a preliminary injunction is also **DENIED**. Smith is **GRANTED** leave to amend his Complaint. If he chooses to do so, Smith must comply with the instructions and deadlines set forth below.

Smith is also reminded that his Amended Complaint must comply with Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)). A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). His Amended Complaint should identify who violated his rights and how his rights were violated by the defendants.

## Pending Motions

To the extent Smith seeks counsel (Doc. 6), he only indicates that if he could get counsel, it would help his case. He does not state if he has tried to contact any attorneys

asking for representation, nor has he provided any copies of letters from counsel declining to take his case. Thus, his motion is **DENIED** because he fails to demonstrate that he made reasonable attempts to obtain counsel on his own. Should he choose to move for recruitment of counsel at a later date, the Court directs Smith to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Smith should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

## Disposition

For the reasons stated above, Smith's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **January 18, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Smith's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference

4

to any previous pleading, and Smith must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Smith is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Smith is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  December 21, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**