IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC S. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-2691-NJR |
| ) | |
| ANTHONY WILLS, ROB JEFFREYS, ) | |
| DEPARTMENT OF JUSTICE, and ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Eric S. Smith, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Smith's Complaint (Doc. 1), which sought injunctive relief in the form of a supplemental diet, was dismissed for failure to state a claim (Doc. 13). Smith was granted leave to file an amended pleading. In the Amended Complaint, Smith alleges the grievance process is inadequate and unavailable at Menard Correctional Center.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

1

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Smith makes the following allegations: Smith purports to raise a class action claim against officials at Menard Correctional Center for what he describes as an inadequate grievance process (Doc. 14, p. 7). Smith alleges that he is required to exhaust his administrative remedies before filing a lawsuit and because grievances are "unavailable" his due process rights have been violated (*Id.*). He alleges he does not have access to grievances because correctional officers refuse to distribute them, and he is not allowed to write grievances on regular, loose-leaf paper (*Id.*). He also alleges that when grievances are written and submitted, they are often lost, destroyed, or misplaced (*Id.*).

## Discussion

Simply put, Smith again fails to state a claim with his Amended Complaint. Although his original Complaint sought to raise a deliberate indifference claim under the Eighth Amendment for the failure to provide him with additional food trays, Smith appears to have abandoned that claim. Instead, he seeks to raise a due process claim pursuant to the Fourteenth Amendment, arguing that Menard's grievance process is unavailable and thus violates his due process rights. This claim fails because the Seventh Circuit has clearly rejected any due process right in a prison's grievance process. *See, e.g.*, *Courtney v. Devore,* 595 F. App'x 618, 620–21 (7th Cir. 2014) ("[S]tate grievance procedures do not create substantive liberty interests protected by due process."); *Owens v. Hinsley,*

635 F.3d 950, 953–54 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause...."); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Further, Smith fails to allege any other type of claim related the grievance process. For instance, Smith does not allege that any defendant purposefully refused to process his grievances as an act of retaliation for him pursuing a claim.

Accordingly, Smith's Amended Complaint (Doc. 14) is dismissed. Because this is Smith's second attempt to file a pleading that states a viable claim and Smith has again failed to set forth a claim, the dismissal is with prejudice.

## Disposition

For the reasons stated above, Smith's Amended Complaint is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  May 12, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**